# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| **TEX MEX FOOD MART LLC** *Plaintiff,* | § § § § | |
| | § | Civil Action No. _____ |
| VS. | § § § | |
| **EVANSTON INSURANCE COMPANY** *Defendant.* | § § | **JURY DEMANDED** |

## COMPLAINT

NOW COMES, Plaintiff TEX MEX FOOD MART LLC (hereinafter referred to as "Plaintiff") and files this its *Complaint,* and in support state as follows:

### PARTIES

1. TEX MEX FOOD MART LLC is an entity whose principal place of business is in the State of Texas.

2. Defendant EVANSTON INSURANCE COMPANY is an insurance company engaging in the business of insurance in the State of Texas whose principal place of business is located at 10275 W. Higgins Road, Suite 750, Rosemond, Illinois, 60018. The defendant may be served with process by serving citation and a copy of this Complaint by serving its agent of process at:

   Markel Service, Incorporated, c/o Secretary, Legal Department, 10275

   West Higgins Road, Suite 750, Rosemont, Illinois 60018

### JURISDICTION

3. This Court has diversity jurisdiction pursuant to 28 USC § 1332 based on the complete diversity of citizenship between the parties and because the amount of controversy exceeds $75,000.00.

**VENUE**

4. Venue is proper in the Southern District of Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; PLAINTIFF'S losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in HIDALGO County, Texas, which is within the Southern District of Texas.

**FACTS**

5. Plaintiff is the owner of a commercial business Insurance Policy (hereinafter referred to as "the Policy"), which was issued by EVANSTON INSURANCE COMPANY.

6. Plaintiff owns the insured property, which is specifically located 9809 N Expressway 83, Edinburg, Texas 78542, in Hidalgo County (hereinafter referred to as "the Property").

7. On or about April 21, 2023, a windstorm ("the Storm") struck Hidalgo County, Texas causing damages to homes and businesses throughout the area, including Plaintiff's business. Specifically, Plaintiff's roof sustained extensive damage during the Storm. Plaintiff's business also sustained exterior damage during the Storm including, but not limited to, the exterior fascia, and significant damage to the interior, including damage to the convenience store, the dining area, the storage room, and the office. After the Storm and in compliance with the Policy, 2AA380211, Plaintiff filed a claim, P051828, with EVANSTON INSURANCE COMPANY for the damages to its property caused by the Storm.

8. Plaintiff submitted a claim to EVANSTON INSURANCE COMPANY against the Policy for roof damage, exterior damage and interior damage caused by the Storm. Plaintiff asked that Defendant cover the costs of repairs to the Property pursuant to the Policy.

9. After submitting the claim, Defendant assigned an adjuster to evaluate damages to the Property. At the start of the process, which was on or around May 9, 2023, Defendant's adjuster, told Plaintiff that the damage to the property would be fully covered and that Plaintiff had nothing to worry about. Defendant's adjuster knew this was a false statement when they made it because they knew, even before inspecting the business, that Defendant would not pay any amount for the covered damage. Defendant trains its adjusters to ignore covered damage and/or, depending on the circumstances, to calculate damages so that the total estimated cost of repairs is below a policyholder's deductible and/or outside of the policy coverage. Thus, Defendant's adjuster's statement that Plaintiff's damage to its property would be fully covered was false when they made it and they knew it was false.

10. The adjuster assigned by Defendant failed to reasonably perform an investigation into the damages sustained by the Plaintiff. Specifically, the adjuster spent less than one hour in assessing the damages and then determined the damages under the Plaintiff's deductible and no payment was issued. Much more time would have been needed to conduct an adequate inspection due to the size of the building and the extent of the damage Plaintiff identified. Plaintiff identified only one area in the interior with damage caused by storm-created openings, which is damage covered by its insurance policy. Defendant's adjuster made only a cursory inspection, refusing to conduct water testing throughout the rest of the property to determine how extensive the moisture traveled in the ceiling as a result of the storm-created openings. Defendant's adjuster failed to thoroughly inspect many of the

identified areas because Defendant trains adjusters to conduct outcome-oriented inspections and in an expeditious fashion.

11. Plaintiff also identified damage to its roof. The inspection of the roof was done in an outcome-oriented way and in an expeditious fashion as well. The size of the roof would have necessitated over one and a half hours to do a proper and thorough inspection. Defendant's adjuster spent less than 30 minutes inspecting the roof and ignored several areas with damage due to storm winds and/or hail, which is damage covered by Plaintiff's insurance policy.

12. As a result of the adjuster's unreasonable investigation, Plaintiff's claim was improperly adjusted. Defendant's calculation of the covered damage included only the convenience store. Defendant purposefully ignored the other areas with covered damage. The calculation resulted in $0.00 in estimated replacement costs. Defendant made no payment at all to Plaintiff for the covered damages. In fact, Defendant trains adjusters to calculate just enough damage so that the total amount of replacement cost value will be less than a policyholder's deductible and/or outside of the policyholder's coverage, regardless of the actual damage present in the property. Such a policy allows Defendant to mandate that policyholders make repairs to their homes, but without requiring that Defendant make any payment to the policyholder for those repairs.

13. A subsequent estimate of the covered damage revealed that estimated repairs for Plaintiff's property are over $123,000.00, well above Plaintiff's deductible. The difference in repair estimates is due directly to Defendant purposefully overlooking covered damage to the roof, the exterior fascia, the convenience store, the dining room, the storage room, and the office. In addition, the investigation performed by Defendant grossly underestimates repair

costs to the roof, the exterior fascia, the convenience store, the dining room, the storage room, and the office. Defendant's investigation also fails to account for the actual market value of labor and materials.

14. As a result of Defendant's conduct, Plaintiff did not receive payment it was entitled to under the Policy for their Storm damages and losses. As previously stated, when Plaintiff originally purchased the Policy issued by EVANSTON INSURANCE COMPANY, EVANSTON INSURANCE COMPANY's agent, represented on behalf of EVANSTON INSURANCE COMPANY that it would always conduct a fair and unbiased investigation of Plaintiff's claims against the Policy and promptly issue payment to Plaintiff for all properly covered hailstorm and windstorm damages to the Property. Plaintiff's agent knew this statement was false at the time they made it because they knew that EVANSTON INSURANCE COMPANY conducted outcome-oriented investigations and purposefully calculated damages to be below a policyholder's deductible and/or outside of a policyholder's coverage, all to ensure that Defendant would not have to pay policyholders for covered damage. At no time did EVANSTON INSURANCE COMPANY or any of its agents disclose to the Plaintiff that, in fact, it would conduct an unreasonable, unfair, and/or biased investigation of the claims that Plaintiff submitted against the Policy for hailstorm and/or windstorm damages to the Property and thereby underpay or deny Plaintiff's claim for properly covered hailstorm and/or windstorm damages. The failure to disclose this truth was a material omission by EVANSTON INSURANCE COMPANY. As such, Plaintiff reasonably relied on EVANSTON INSURANCE COMPANY's misrepresentations and omission upon purchasing its initial EVANSTON INSURANCE COMPANY insurance policy, and but for EVANSTON INSURANCE COMPANY's misrepresentations and

omission, Plaintiff would not have purchased the Policy issued by EVANSTON INSURANCE COMPANY and would have purchased an insurance policy from a different insurer to insure the Property against hailstorm and windstorm losses.

15. As indicated in the paragraphs above and below, EVANSTON INSURANCE COMPANY wrongfully adjusted, on or around May 9, 2023, Plaintiff's claim for damages suffered during the Storm, even though the Policy provided for those losses. Defendant knew that it had conducted an outcome-oriented investigation, had purposefully ignored covered damage, and had purposefully calculated an inaccurate repair estimate, and therefore knew that it was wrongfully refusing to pay for covered damage. Every day that passes without a full payment to Plaintiff for the covered damage is another day in which Defendant is purposefully delaying payment because it knows that Plaintiff has more extensive covered damage than was estimated.

16. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant wrongfully denied Plaintiff's claim for covered damages even though all conditions precedent to recovery upon the Policy had been carried out by the Plaintiff. EVANSTON INSURANCE COMPANY's conduct constitutes breach of the insurance contract between EVANSTON INSURANCE COMPANY and Plaintiff.

17. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner when its adjuster failed to perform reasonably an investigation into Plaintiff's damages. Specifically, the adjuster spent less than one hour in assessing damages and then determined the damages to be $0.00, well below the actual amount needed to repair all damage covered by the policy. All this in spite of Defendant's being aware of the liability

to the Plaintiff under the Policy. This constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(2)(A).

18. Defendant refused to fully compensate the Plaintiff under the terms of the Policy for a covered loss. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, purposefully ignored covered damage, and purposefully calculated the damages to be outside of Plaintiff's policy coverage, which all resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. This constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(7).

19. When Plaintiff first purchased the Policy from Defendant through its agent, TWFG Insurance Services, Defendant misrepresented to Plaintiff that under the Policy, Plaintiff would be entitled to payment from EVANSTON INSURANCE COMPANY for damages caused by a covered loss, including hailstorm and windstorm losses, and that it would conduct an unbiased and reasonable investigation of any claim Plaintiff timely submitted against the Policy. This was a misrepresentation because TWFG knew that Defendant would not pay for such damage, as described above. If Plaintiff had known that EVANSTON INSURANCE COMPANY was not going to pay for hailstorm and/or windstorm damages that were covered under the Policy, Plaintiff would not have purchased the Policy from EVANSTON INSURANCE COMPANY, and instead would have purchased a different insurance policy insuring its Property from a different insurer. Defendant made material misrepresentations as to coverage under the Policy upon Plaintiff purchasing of the Policy that misled Plaintiff, including untrue statements of material facts and wrongfully concealed material facts necessary to make EVANSTON INSURANCE COMPANY's other representations not misleading, upon which Plaintiff reasonably relied

to its detriment. EVANSTON INSURANCE COMPANY's conduct constitutes a violation of the Texas Insurance Code, Misrepresentation of Insurance Policies. Tex. Ins. Code §§ 541.061(1), (2), (3), and (5) as well as violations of Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Comm. Code §§17.41-.63.

20. Defendant EVANSTON INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay by dragging the process of obtaining a decision through months of bitter dispute, when Defendant already knows that Plaintiff is entitled to coverage under the terms of the policy. Specifically, it has delayed any payment for Plaintiff's claim. EVANSTON INSURANCE COMPANY's conduct constitutes a violation of Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code § 542.058.

21. From and after the time Plaintiff's claim was presented to Defendant, the liability of EVANSTON INSURANCE COMPANY to pay the claim in accordance with the Policy was reasonably clear. However, EVANSTON INSURANCE COMPANY has refused to fully pay Plaintiff for the claim, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. EVANSTON INSURANCE COMPANY's conduct constitutes a breach of the common law duty of good faith and fair dealing.

22. Defendant knowingly and recklessly made false representations, as described above, as to the material facts and/or knowingly concealed all or part of material information from the Plaintiff.

23. As a result of Defendant's conduct, Plaintiff was forced to retain the professional services of an attorney and law firm who are representing it with respect to these causes of action.

## CAUSES OF ACTION

24. Plaintiff is not making any claims for relief under federal law.

25. Defendant EVANSTON INSURANCE COMPANY is liable to Plaintiff for intentional breach of contract, DTPA violations, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

26. Defendant EVANSTON INSURANCE COMPANY's conduct constitutes a breach of the insurance contract made between EVANSTON INSURANCE COMPANY and Plaintiff.

27. Defendant's failure and/or refusal to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLMENT PRACTICES/PROMPT PAYMENT

28. Defendant EVANSTON INSURANCE COMPANY's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §§ 541.060(a), 541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

29. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1).

30. Defendant EVANSTON INSURANCE COMPANY's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and

equitable settlement of this claim, even though EVANSTON INSURANCE COMPANY's liability under the Policy was reasonably clear, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A).

31. Defendant EVANSTON INSURANCE COMPANY's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation of the facts or applicable law, for its denial of the claim, constitutes an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3).

32. Defendant EVANSTON INSURANCE COMPANY's unfair settlement practice, as described above, of refusing to properly pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

33. Defendant EVANSTON INSURANCE COMPANY's unfair or deceptive acts and/or practices of misrepresenting the Policy, as described above and otherwise herein, by: (1) making untrue statements of material fact, (2) failing to state material facts necessary to make other statements it made not misleading, (3) making a statement(s) in a manner that would mislead a reasonably prudent person to a false conclusion of material fact, and which did mislead Plaintiff to false conclusion of material fact regarding coverage under the Policy, and/or (4) failing to make a disclosure as required by law and/or in accordance with another provision of the Insurance Code, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.061.

34. Defendant EVANSTON INSURANCE COMPANY's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of this claim. Tex. Ins. Code § 542.058.

## DTPA VIOLATIONS

35. Defendant EVANSTON INSURANCE COMPANY's conduct constitutes multiple violations of the DTPA. Tex. Bus. & Comm. Code §§17.41-.63. Plaintiff is "an individual, a partnership, or a corporation" that sought or acquired goods or services by purchase or lease from Defendant, and therefore qualifies as a consumer under the DTPA. Tex. Bus. & Comm. Code §17.54(4). Plaintiff has met all the conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

    A. Defendant's actions, as described in this petition, are unconscionable in that Defendant's actions took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA.

    B. Defendant's conduct, acts, omissions, and failures, and described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

36. All of the above-described acts, omissions, and failures of the Defendant are a producing cause of Plaintiff's damages as described in this complaint. All of the above-described acts, omissions, and failures of the Defendant were committed "knowingly" and "intentionally" as those terms are defined by the Texas Deceptive Trade Practices Act.

**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

37. Defendant EVANSTON INSURANCE COMPANY's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

38. Defendant EVANSTON INSURANCE COMPANY's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, EVANSTON INSURANCE COMPANY knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**KNOWLEDGE**

39. Each of the acts described above, together and singularly, were done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

**DAMAGES**

40. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing cause of the damages sustained by the Plaintiff.

41. As previously mentioned, the damages caused by the April 21, 2023, windstorm have not been properly addressed or repaired in the months since the Storm, causing further damage to the Property, and causing undue hardship and burden to the Plaintiff. These damages are a direct result of Defendant EVANSTON INSURANCE COMPANY's mishandling of Plaintiff's claim in violation of the laws as set forth above.

42. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

43. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times its actual damages. Tex. Ins. Code § 541.152.

44. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as ten (10) percent interest per annum on the amount of such damages claimed, together with attorney's fees.

45. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

46. For the prosecution of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**JURY DEMANDED**

47. Plaintiff previously requested that all causes of action herein be tried before a jury consisting of citizens residing in Hidalgo, County, Texas. Plaintiff tendered the appropriate jury fee.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgement and postjudgement interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Dated: September 19, 2023

Respectfully submitted,

*/s/ Omar Ochoa*
Omar Ochoa
S.D. Tex. Bar No. 2081960
**OMAR OCHOA LAW FIRM PC**
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
oochoa@omarochoalaw.com

*/s/ Victor Rodriguez*
Victor Rodriguez
*Of Counsel*
S.D. Tex. Bar No. 562260
**VICTOR RODRIGUEZ LAW FIRM PLLC**
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
victor@vrodriguezlaw.com

***Attorneys for Plaintiff***